IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEOFFREY M. BANKS, | ) | CASE NO. 3:14-cv-01945 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JASON BUNTING, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **INTERIM REPORT &** |
| | ) | **RECOMMENDATION**[1] |

## I.  Background

On September 2, 2014, Petitioner Geoffrey M. Banks ("Petitioner" or "Banks") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1) wherein he raised the following three grounds for relief:

> **Ground One:** The testimony and evidence did not support a finding that the defendant was a major drug trafficker benefitting financially from the transaction and deserving of the sentence imposed.
>
> **Ground Two:** Ohio statutes support a sentence consistant with sentences imposed for similar crimes committed by similar offenders which did not happen in this instant case.
>
> **Ground Three:** The petitioner was deprived of his right to effective assistance of counsel by retained counsel(s), in both direct appeals in the court of appeals, Third Appellate District, and Ohio Supreme Court.

Doc. 1, pp. 5-8.

---
[1] This Interim Report and Recommendation pertains to Doc. 8.

On November 25, 2014, Respondent filed his Answer/Return of Writ arguing that each of Petitioner's three grounds for relief is not cognizable on federal habeas review and/or is procedurally defaulted. Doc. 5. Thereafter, Petitioner requested and received an extension of time until February 9, 2015, in which to file his Traverse. Doc. 6, Doc. 7.

Instead of filing a Traverse, on January 28, 2015, Petitioner filed a motion entitled *Petitioner's Request for the District Court to Stay its Order Granting the Petitioner an Extension until 2/9/15 to File the Traverse, and Petitioner's Motion Requesting that the District Court Order the Respondent to Expand the Record by Submitting to the Court by Affidavit, the Results of a Written Inquiry Made to the Appropriate Officials who are Responsible for Keeping Electronic Surveillance Records* ("Motion"). Doc. 8. In his Motion, Petitioner requests an expansion of the record pursuant to Rule 7 of the Rules Governing Habeas Corpus requiring the Respondent to submit "by affidavit, the results of a written inquiry made to the appropriate officials responsible for keeping electronic surveillance records, i.e., [any] wiretap authorization(s) order(s) in the case of *State of Ohio vs. Geoffrey M. Banks*, Seneca County, Ohio, Case No. 11 CR 0234 . . ." Doc. 8, p. 3. Alternatively, in his Motion, Petitioner requests an order dismissing his Petition without prejudice in order to allow him to present an unexhausted issue regarding electronic surveillance records to the state courts. Doc. 8, p. 3.

On February 5, 2015, Respondent filed a Memorandum in Opposition to Petitioner's Motion arguing that expansion of the record is not warranted where, as here, Petitioner is requesting that Respondent generate a document that is not part of the state court record.[2] Doc. 9, p. 2. Respondent also opposes Petitioner's request for dismissal without prejudice. Doc. 9, pp. 3-5. Respondent contends that the facts of this case weigh against a Fed. R. Civ. P. 41(a)(2)

---

[2] Respondent also argues that discovery under Habeas Rule 6 is not warranted where Petitioner has not shown that the discovery he seeks is material to any of his grounds for relief. Doc. 9, pp. 2-3.

2

dismissal without prejudice because dismissal without prejudice would cause Respondent to suffer "plain legal prejudice."  Doc. 9, pp. 3-5.

In his reply to Respondent's opposition filed on February 20, 2015, Petitioner withdrew his request for expansion of the record but maintained his request that the Court order dismissal of his Petition without prejudice so that he may go back to state court to raise an unexhausted issue.  Doc. 10, p. 3.

Since Petitioner has withdrawn his request for expansion of the record, the issue remaining for this Court is Petitioner's request for an order dismissing his Petition without prejudice.  For the reasons set forth herein, the undersigned recommends that the Court **DENY** Petitioner's Motion to dismiss his Petition without prejudice.

## II.   Law and Analysis

### A.   Dismissals under Fed. R. Civ. P. 41(a)

Since Respondent has filed an Answer/Return of Writ and Respondent has not stipulated to Petitioner's voluntary dismissal, dismissal under Fed. R. Civ. P. 41(a)(1)[3] is not authorized.  *See Peterson v. Smith*, 2010 WL 1433391, *2 (N.D. Ohio Feb. 17, 2010), *report and recommendation adopted*, 2010 WL 1433387 (N.D. Ohio Apr. 7, 2010).  Thus, Petitioner may voluntarily dismiss his Petition only by seeking and obtaining an order of the Court under Fed. R. Civ. P. 41(a)(2).[4]  *Id.*

---

[3] In order for a plaintiff to voluntarily dismiss an action without court order under Fed. R. Civ. P. 41(a)(1), the plaintiff must file the notice of dismissal prior to the opposing party serving an answer or summary judgment motion or must file a stipulation of dismissal signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1).

[4] Habeas Corpus Rule 12 permits application of the Federal Rules of Civil Procedure in habeas cases.  *See* Rules Governing § 2254 Cases, Rule 12, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are no inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").  *See also* Fed. Rule Civ. P. 81(a)(4); *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005).  *See also Williams v. Caruso*, 2008 WL 544954, at *1 (E.D. Mich. Feb. 25, 2008 ("Fed. R. Civ. P. 41(a)(2) governs voluntary dismissals, and fully applies to federal  habeas proceedings.").

"Whether a dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Id.* (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 500 (6th Cir. 2007) (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)); *see also Chisholm v. Turner*, 2013 WL 6443450 (N.D. Ohio Dec. 9, 2013) (adopting recommendation that motion for voluntary dismissal without prejudice should be denied). "In the context of a Rule 41(a)(2) dismissal without prejudice, an abuse of discretion is generally found 'only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to the facing the mere prospect of a second lawsuit.'" *Rosenthal*, 217 Fed. Appx. at 500 (quoting *Grover*, 33 F.3d at 718). The Sixth Circuit has set forth factors for a court to consider when determining whether a defendant will suffer "plain legal prejudice." *Grover*, 33 F.3d at 718 (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). Those factors are: (1) "defendant's effort and expense of preparation for trial"; (2) "excessive delay and diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* ("*Grover* factors"). While courts consider the *Grover* factors when assessing whether a dismissal without prejudice is warranted, "[t]he factors are 'simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal*, 217 Fed. Appx. 502 (quoting *Kovalic*, 855 F.2d at 474).

**B.   Consideration of the *Grover* factors**

Respondent has spent time and effort preparing his Answer/Return of Writ and a lengthy state court record. Thus, the first *Grover* factor weighs against dismissal without prejudice.

With respect to the second factor, Petitioner has requested one extension of time and now seeks to delay this federal habeas proceeding in order to raise a claim in state court regarding the use of electronic surveillance records at his 2012 trial even though he was previously aware of

4

the existence and use of electronic surveillance records at his trial.[5] To the extent the Petitioner contends that his review of the state trial court docket sheet provided by Respondent as part this habeas proceeding caused him to only now realize the existence of a potential claim not previously presented in state court (Doc. 8, p.3), Petitioner has not indicated or shown that that information, i.e., a public court docket sheet, was not previously known to or obtainable by him. Further, Petitioner claims that, through legal research, he now believes there is a new potential claim (Doc. 8, p. 2), but there is no indication that Petitioner has proceeded to take any steps in state court regarding that alleged new claim. While Petitioner's one request for extension of time does not demonstrate excessive delay in this federal habeas action with respect to the grounds raised in his Petition, Petitioner was aware of the electronic surveillance records at the time of his trial but failed to take any steps in state court to raise an issue regarding those records and waited until after Respondent's filing of his Answer/Return of Writ to pursue a new claim not previously presented to the state courts. In light of Petitioner's lack of diligence and delay in pursuing a claim relating to the electronic surveillance records, the second *Grover* factor weighs against dismissal without prejudice.

With respect to the third factor, Petitioner has not sufficiently explained a need for dismissal without prejudice. As discussed above with respect to the second factor, Petitioner has not demonstrated diligence in pursuing a claim relating to electronic surveillance records. Additionally, it is not entirely clear what claim or issue Petitioner intends to pursue in the state courts. For example, Petitioner references alleged evidentiary suppression issues; alleged

---

[5] *See* Opinion (February 25, 2013), *State of Ohio v. Banks*, Case NO. 13-12-18, Third Appellate District Seneca County (Doc. 5-2, pp. 189-197) (setting forth evidence presented at trial regarding electronic surveillance, e.g., "Detective Joseph also placed recording equipment on Fell, which allowed him to hear all of Fell's interactions" (Doc. 5-2, p. 189, ¶ 4); "Detective Joseph authenticated several of the State's exhibits, including . . . [t]he audio recordings of the controlled buy and telephone calls between Fell and Banks . . ." (Doc. 5-2, p. 190, ¶ 6); "Detective Joseph testified that he heard, via surveillance equipment, the parties discuss the drug transaction" (Doc. 5-2, p. 190, ¶ 7); "The members heard Banks and Fell discuss the price of pills over the surveillance equipment" (Doc. 5-2, p. 191, ¶ 8)).

violations of state or federal statutes regarding interception warrants; and alleged ineffective assistance of counsel but he does not clearly articulate what specific claim he intends to pursue in state court. Doc. 10, pp. 1, 3. Rather, he states he seeks dismissal without prejudice to bring "this issue" before the state courts first. Doc. 10, p. 3. Since Petitioner has not clearly explained the federal constitutional claim he intends to pursue in state court or why the claim he now intends to present in state court could not have been brought in state court prior to the filing of his federal habeas petition,[6] the third *Grover* factor weighs against dismissal without prejudice.

With respect to the fourth factor, no motion for summary judgment has been filed. However, in his Answer/Return of Writ, Respondent contends that all three grounds for relief are subject to dismissal because they are not cognizable and/or are procedurally defaulted. Thus, although a motion for summary judgment has not been filed, given the bases upon which Respondent seeks dismissal of the Petition, the fourth *Grover* factor weighs against dismissal without prejudice.

Considering the *Grover* factors and the circumstances of this case, dismissal without prejudice would cause Respondent to suffer "plain legal prejudice." Thus, Petitioner's Motion to dismiss his Petition without prejudice should be denied.

---

[6] Petitioner also has not explained or demonstrated that he is not now barred by a state procedural rule from presenting the claim he states he intends to present to the state courts.

### III. Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends that the Court **DENY** Petitioner's Motion to dismiss his Petition without prejudice. Petitioner's motion for expansion of the record has been **WITHDRAWN**.

May 18, 2015

                                                   Kathleen B. Burke
                                                   United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).